## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**EASTON JOSEPH FRANCISCO**          **CASE NO.  6:21-CV-00724 SEC P**

**VERSUS**                          **JUDGE MICHAEL J. JUNEAU**

**BURL CAIN, ET AL**                **MAGISTRATE JUDGE WHITEHURST**

## REPORT AND RECOMMENDATION

Pro se petitioner Easton Joseph Francisco, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on March 17, 2021. [Rec. Doc. 1]  An amended petition was filed on April 5, 2021 [Rec. Doc. 4] Petitioner attacks his 2011 conviction for first degree murder and the life sentence imposed thereon by the Sixteenth Judicial District Court, Iberia Parish.

On May 19, 2021, Petitioner was ordered to amend his complaint to provide more information related to the dates of his post-conviction filings.  [Rec. Doc. 7] On June 30, 2021, Petitioner provided the information sought by this Court.  [Rec. Doc. 8]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court and is now ripe for review.  For the reasons stated below,

-1-

**IT IS RECOMMEDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as untimely.

## I.    Background

Easton Francisco, was indicted for first degree murder, a violation of La.R.S. 14:30. The State sought the death penalty but was prohibited from pursuing it based on the trial court's finding that Defendant was mildly mentally retarded.  He waived his right to be present at the trial. The jury found Francisco guilty as charged, and the trial court imposed a sentence of life imprisonment to be served without the benefit of probation, parole, or suspension of sentence.

Petitioner appealed his conviction to the Third Circuit Court of Appeal, Docket No. 12-455, filing a counseled brief.  *State v. Francisco*, 12-455, (La. App. 3 Cir. 11/7/12), 101 So.3d 617.  The Third Circuit affirmed the conviction on November 7, 2012.  On an unknown date, Petitioner filed an application for writ of certiorari and/or review in the Louisiana Supreme Court, which was denied on May 31, 2013.  *State v. Francisco*, 2013-K-2654 (La. 5/31/13), 118 So.3d 388.   He did not file a petition for certiorari in the United States Supreme Court.  [Rec. Doc. 4, p. 4, ¶ 6(d)]

Petitioner filed an application for post-conviction relief in the trial court on November 17, 2014, [rec. doc. 8, p. 2], which was denied and dismissed.  He filed an application for writs in the Third Circuit on July 29, 2019, which was denied.  His

application in the Louisiana Supreme Court was denied on June 12, 2020.  *State v. Francisco*, 2020 La. LEXIS 1150 (La. June 12, 2020).

On March 17, 2021, the instant petition for writ of habeas corpus was filed.

## II.    Law & Application

### A. *Rule 4 Review*

Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. *Limitations*

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final.  *Id*.  The time during which a properly-filed application

for post-conviction relief is pending in state court is not counted toward the one-year limit. *Id*. at § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

On May 31, 2013, the Louisiana Supreme Court denied petitioner's writ application on direct appeal. Accordingly, his petitioner's judgment of conviction and sentence became final for AEDPA purposes by "... the expiration of the time for seeking [further] direct review..." 90 days after the Louisiana Supreme Court denied writs on direct review, or on August 29, 2013, when the time limits for seeking further direct review by filing a petition for certiorari in the United States Supreme Court expired. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.1999) (A state conviction "becomes final upon direct review, which occurs upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari.") Thus, petitioner had one year, or until August 29, 2014, to file his habeas corpus petition.

However, section 2244(d)(2) tolls the limitation provision for filing a section 2254 petition during the pendency of certain state court proceedings:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

-4-

28 U.S.C. § 2244(d)(2).

Francisco was unable to toll the AEDPA's limitations period.  By the time he filed his application for post-conviction relief in the trial court, the limitations period had already expired and could not thereafter be revived.  *See Villegas,* 184 F.3d 467. Thus, none of petitioner's post-conviction pleadings could serve to toll the running of the limitations period. This petition is clearly time-barred by the provisions of the AEDPA.

The Fifth Circuit has held that § 2244(d)'s limitations period can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). However, equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016) (quotations omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). As noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) (quotations omitted).

Francisco does not allege any facts that support a finding of equitable tolling. He has not alleged that he was actively misled, nor has he asserted that he was prevented in some extraordinary way from asserting his rights. Accordingly, Francisco claims cannot provide the rare and exceptional circumstances for tolling the limitations period applicable to such petitions and his petition must be dismissed as untimely.

### III.    Conclusion

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the**

District Court, except upon grounds of plain error.  *See, Douglass v. United*

*Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

THUS DONE in Chambers on this 16th day of November, 2021.

_____
Carol B. Whitehurst
United States Magistrate Judge